UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

Criminal No. 23-cr-20481

v.                                                    Hon. Laurie J. Michelson

D-1 Austin Ray Sabb-Visga,

D-2 Todd Alan Sabb-Visga,

          Defendants.

_____/

## UNITED STATES' JOINT SENTENCING MEMORANDUM

Imagine a sleeping child tucked into his bed in the middle of the night. A child's bedroom should be the safest place for a child. Now, imagine that a father-figure who is loved by this child enters the room, waking him from sleep, demanding that he stand up. The child does what he is asked, and stands naked in front of the man. The adult man makes the child turn around, through sadness and confusion, displaying his body. This is not the first time that something like this happens, and it is not nearly the worst thing that has happened to this child in the night, when he should be safely asleep in his bed. Rather, this child

1

has been repeatedly forced over the course of at least a year to engage in sex acts with and by two people who were supposed to provide him safety and security.

Austin and Todd Sabb-Visga groomed and sexually exploited children in their care. They filmed the commission of sex acts with a 10-year-old child for their own sexual gratification. Both Todd and Austin engaged in various sexual acts with this child on numerous occasions. Austin filmed himself sexually touching a four-year-old, and bragged about him and his husband babysitting a toddler in the middle of messages about doing sexual things to children with an accompanying photograph of the nude toddler next to a man with no shirt on. Austin also amassed a large collection of child pornography, independent of his manufacturing.

The Sabb-Visgas' conduct and the gravity of the crimes they committed warrant a sentence for each of 720 months in prison. Such sentences would be "sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a)." *United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008).

## I.     Facts and Procedural History

### A. Cyber-Tip Begins a Fast-Moving Investigation

On June 20, 2023, the National Center for Missing and Exploited Children (NCMEC) received a cyber-tip from a private citizen reporting an individual sharing videos and images of suspected manufactured child sexually abusive material (CSAM) through a messaging application. NCMEC forwarded the information to a Michigan task force made up of local and federal authorities, including agents with the Secret Service.

The next day, Michigan State Police (MSP) learned that Austin Sabb-Visga shared videos through the messaging application involving him and his husband, Todd, having sexual contact with a child. Police analyzed conversations that were sexual in nature, although videos and images were not available due to the function of the application. Police observed in the conversation that one point, Austin texted: "the last one is the new boy we babysit." A subsequent review of evidence showed that this image is a "live image" of MV-4, a child born in 2021.

### B. June 22, 2023 Search Warrant Execution Ends in Arrests

On June 22, 2023, law enforcement officers went to the home of

Todd and Austin Sabb-Visga to execute a search warrant. Both Todd and Austin were home at the time, and both were interviewed by law enforcement. Each admitted to having sexual contact with a child born in 2010, MV-1. Austin and Todd were arrested by MSP. They were later charged in St. Clair County with several counts of criminal sexual conduct in the first degree.

### C. Forensic Examination of Recovered Devices Shows Prolific Abuse

Law enforcement seized multiple cellular phones from the property. Subsequent forensic examinations of those phones revealed nearly one-thousand images and videos of child sexually abusive material (CSAM) on Austin's phones, which included videos the defendants made of the sexual abuse of MV-1 and the sexual abuse of MV-2, a child born in 2018, as well as sexually explicit chats in a messaging application.

Specifically, there were over 600 videos and over 300 images on Austin's cellphones (two different iPhones), which included at least 35 that appeared to have been filmed at Todd and Austin's home, and depicted them engaged in sex acts with child victims, particularly MV-1. The earliest creation date for these files is August 2022. Austin's

4

phones also showed that he distributed CSAM via a messaging application from March 2023 to June 2023.

Todd Sabb-Visga's phone contained 10 videos of child pornography created by the defendants, and the live image of MV-4. Nine of the videos on Todd's phone were sent by Austin and saved by Todd in a hidden, password-protected gallery. The tenth video, filmed on March 19, 2023, and recorded using Todd's phone in the bedroom of the Sabb-Visga home, shows abuse of MV-1 and use of masochistic items, such as a paddle.

### D. Forensic Interviews MV-1 and MV-2 Confirm Abuse

A forensic interview specialist conducted interviews with MV-1 and MV-2. Each identified themselves in still photographs and confirmed that they had been sexually abused by Austin and Todd Sabb-Visga for MV-1, or just Austin Sabb-Visga in MV-2's case.

### E. Indictment and Plea

On June 23, 2023, a criminal complaint charged the defendants with conspiracy to sexually exploit children, sexual exploitation of children, and possession of child pornography. The Sabb-Visgas made

their initial appearance on July 6, 2023, and both consented to detention pending trial.

On August 17, 2023, a grand jury returned a sixteen-count indictment charging Austin and Todd Sabb-Visga with Conspiracy to Sexually Exploit Children, in violation of  18 U.S.C. §§ 2251(a) and (e), 2 (Count 1); a total of twelve counts of Sexual Exploitation of Children, in violation of 18 U.S.C. § 2251(a), with Counts 2, 4, 6, 8, 9, 10, and 12 relating to Austin Sabb-Visga and Counts 3, 5, 7, and 11 relating to Todd Sabb-Visga; Distribution of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2) (Count 13 – Austin Sabb-Visga); Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2) (Count 14 – Todd Sabb-Visga); and Possession of Child Pornography (Counts 15 and 16), in violation of 18 U.S.C. § 2252A(a)(5).

On May 8, 2024, Austin Sabb-Visga pleaded guilty pursuant to a Rule 11 plea agreement to Counts 1, 8, and 12 of the Indictment. Todd Sabb-Visga appeared on May 28, 2024, and pleaded guilty to Counts 1, 7, and 11 of the Indictment. The Rule 11 for both Todd and Austin Sabb-Visga provided that the remaining counts of the Indictment would be dismissed if the Court accepted the agreement and imposed a

sentence consistent with its terms. In addition to the application of certain guideline provisions, the parties agreed that a sentence between 480 to 720 months' imprisonment, and running concurrently to the sentence imposed in the State of Michigan's 31st Circuit Court case 23-001352-01-FC, is the appropriate resolution of this case.

The United States asks the Court to sentence each defendant to the maximum allowed by the plea agreement: 720 months in the Bureau of Prisons, with their sentences to run concurrently with their State of Michigan sentences. This is the only just sentence for each defendant in light of the 3553(a) factors.

## II.     Relevant 18 U.S.C. § 3553(a) Factors

Congress provided in 18 U.S.C. § 3553(a) the relevant objectives and factors to be considered by sentencing courts when determining a "sentence sufficient, but not greater than necessary." Those objectives are: (1) the nature and circumstances of the offense, and the history and characteristics of the defendant; (2) the need for a sentence to reflect the basic aims of sentencing (including retribution, deterrence, incapacitation and rehabilitation); (3) the kinds of sentences legally available; (4) the Sentencing Guidelines; (5) Sentencing Commission

policy statements; (6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need for restitution.

The most relevant factors to Austin and Todd Sabb-Visga are discussed below. An analysis of these factors leads to the singular conclusion that a sentence of 720 months for each Austin and Todd Sabb-Visga is the only sentence that meets the objectives set forth in 18 U.S.C. § 3553(a).

### A.    The Sentencing Guidelines Range

The United States Probation Department calculated both Austin and Todd's criminal history categories to be I, with total offense levels of 43, resulting in a sentencing guideline range of life, capped at the statutory maximum for the counts of conviction, which is 1080 months for each defendant. Austin Sabb-Visga's PSR ¶ 135, Todd Sabb-Visga's PSR ¶ 103. There were no objections to the guideline calculations.

### B.    Nature and circumstances of the offense and history and characteristics of the defendants, 18 U.S.C. § 3553(a)(1)

The Sabb-Visgas' offenses mandate a sentence that reflects the prolific abuse and horrific, enduring nature of their crimes. They are

among the most culpable of sex offenders; a fact that outweighs any positive personal characteristics. The Sabb-Visgas participated in the vile child pornography market as both producers and consumers. Austin and Todd Sabb-Visga sexually exploited children—in person, and in their home—over the course of years. They began to abuse MV-1 when he was 9 or 10 years old, and then sexually assaulted him numerous times, forcing him to perform sadistic sexual acts despite expressions of pain. They recorded this horrific exploitation for their own sexual gratification. MV-2 was groomed, assaulted, and filmed by Austin Sabb-Visga, and surely MV-4 would have been further exploited if the Sabb-Visgas were not stopped. While singularly reprehensible behavior, the Sabb-Visgas went one step further by sending (in Austin's case) child sexually abusive material to others over the internet, and receiving (in both Todd and Austin's case) that material for later viewing. Every set of eyes that viewed those videos or images is another exploitation of the victims. This is all to say nothing of Austin Sabb-Visga's collection of child pornography and bestiality videos.

The Sabb-Visgas were able to accomplish their egregious crimes for such an extended period, at least in part, because of their positions

of trust. They were tasked with taking care of children born into families who could not care for them. Other parents entrusted their children to the Sabb-Visgas to babysit. Under either circumstance, the Sabb-Visgas not only violated the sacred trust between a caregiver and a child, but also that of the broader community.

Prior to their arrest, each defendant had a stable job and a residence; they had the support of their families. They were heavily involved in their community. Each also suffered different degrees of abuse as children, as well as each possessing certain mental health concerns. However, nothing about their history mitigates to any meaningful degree the nature and circumstances of their offenses. Rather, the Sabb-Visgas have sentenced their young victims to live their entire lives with unimaginable trauma and the knowledge that they were exploited in unspeakable ways.

Accordingly, the defendants' history and characteristics and the nature and circumstances of their offenses weigh in favor of 60-year sentences.

### C. Seriousness of the Offense, Adequate Deterrence, and Protecting the Public, 18 U.S.C. § 3553(a)(2)(B) and (C)

The rape and molestation of a child that is forever immortalized on video (and shared with others) is one of the most serious offenses recognized under the law. The Sabb-Visgas committed this most serious offenses numerous times, and involving multiple child victims. The Court's sentences for these offenses should reflect the seriousness of these crimes, and the only effective way to do that is for this Court to impose 60-year sentences.

The enduring mental, physical, and emotional trauma suffered by the children exploited by the Sabb-Visgas is difficult to adequately describe. These children were incredibly young. Part of what makes these offenses so serious, is that these children, particularly MV-1, will have to relive their abuse every day for the rest of their lives. There is no escaping what Austin and Todd Sabb-Visga did to them; no real ability to be made whole again. The Sabb-Visgas provided a home to MV-1 and MV-2, and things that made those children feel safe and secure. They cultivated a supposedly loving relationship, one in which the children saw them as parental figures. And they used this safety, security, and relationship to commit horrific acts of abuse. But even when these children were forever saved from the Sabb-Visgas' abuse

and gained true safety, they suffered again, through the loss of parental figures they loved, and a home where they lived.  Further, their individual relationships with everyone in their community now, and going forward, will be forever scarred by what was done to them, through no fault of their own. The complexity of the trauma suffered by these children cannot be underestimated. To be sure, these children will continue to grow and become far more than what was done to them, but they will bear the emotional and mental scars of their abuse forever.

Relatedly, the above considerations impact another § 3553(a) factor – the need to deter such conduct in the future so that other children are not subjected to the trauma suffered in this case. Sentencing in the federal system has long contemplated the ability to provide both specific and general deterrence. *United States v. Phinazee*, 515 F.3d 511 (6th Cir. 2008); *United States v. Blackwell*, 459 F.3d 739, 774 (6th Cir. 2006). A significant sentence is necessary so that the Sabb-Visgas and others will understand the consequences of child exploitation offenses, and deter them and others from engaging in this conduct in the future.

Deterrence is particularly important when dealing with child exploitation offenses because these crimes occur in private, making

them easy to commit and very difficult to detect. This is particularly true here where the defendants used grooming and a position of trust to engage in the lengthy abuse of MV-1. Generally, child pornography crimes result in victims being repeatedly exploited, by a variety of different offenders (producers and consumers), in perpetuity. As Congress found, "child pornography permanently records the victim's abuse, and its continued existence causes the child victims of sexual abuse continuing harm by haunting those children in future years." Child Pornography Prevention Act of 1996, Pub.L. No. 104-208, § 121, 110 Stat. 3009, 3009-27 (1996).

Austin and Todd Sabb-Visgas' unmitigated sexual interest in children make them a danger to the public. The acts they committed surely will continue to impact MV-1, MV-2, and even MV-4 in the years to come. Had they not been apprehended, there is no telling how many more children could have been victimized by the Sabb-Visgas.

Sentences of 60 years, running concurrently to their state sentences, for Austin and Todd Sabb-Visga would reflect the seriousness of their offenses, provide just punishment by acknowledging the number of victims and nature of the abuse, and will protect the

public from their future crimes.

### D.    Avoiding unwarranted sentencing disparities

A 60-year sentence, running concurrently with their state sentence, is necessary for each defendant in this case to avoid unwarranted sentencing disparities. Evident from the videos they took as they sexually assaulted MV-1 repeatedly over a great length of time, Austin and Todd Sabb-Visga acted in concert. The abuse and the production of the videos were largely done together, shared between them, and for both of their sexual pleasure. In the PSR, Austin attributes the severity of the commission of his crimes, and perhaps number of victims, in part to his drug use. Todd does not have that same excuse to offer when it comes to his abuse of MV-1. Although Todd was not charged with the production of child pornography related to MV-2 and MV-4, given the degree to which they jointly exploited and abused MV-1 and considering the messages exchanged between Austin and the tipster, it is hard to imagine that Todd was not complicit in the exploitation of those children as well. Both have a sexual interest in children. Both are equally culpable in the conspiracy to sexually exploit

MV-1, and both require a sentence of 60 years to avoid an unwarranted sentencing disparity between the two.

## III.  Conclusion

Austin and Todd Sabb-Visga took what is meant to be a place of safety and love–a child's home–and turned it from a sanctuary into a site of enduring trauma and harm. More than this, they exploited arguably the *most* vulnerable children, children without stable homes, who were entrusted to their care. This is one of the most egregious violations of trust and humanity. Their actions will inflict lifelong trauma, robbing each of their child victims of their innocence and well-being, and burdening them with a weight they cannot shed.

A 60-year sentence, concurrent to their state sentences, for each defendant would reflect the severity of their crimes and acknowledge the profound damage done to the victims. For this and the above-stated reasons, the United States asks the Court to sentence Austin Sabb-Visga and Todd Sabb-Visga to 720 months imprisonment.

Respectfully Submitted,


DAWN N. ISON
United States Attorney

*s/Tara M. Hindelang*
Tara M. Hindelang
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226
(313) 226-9543
tara.hindelang@usdoj.gov

Dated:  September 13, 2024

## Certificate of Service

I certify that on September 13, 2024, I electronically filed the foregoing document with the Clerk of the Court of the Eastern District of Michigan using the CM/ECF system, which will send notification to all counsel of record via email.

*s/Tara Mathena Hindelang*
TARA MATHENA HINDELANG
Assistant United States Attorney
